UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SAMORAY,

    Plaintiff,

v.

    Civil Case No. 20-10665
    Honorable Linda V. Parker

SOCIAL SECURITY COMMISSIONER,

    Defendant.
_____/

# OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 9)

Plaintiff is an attorney who represented Stacy Bellmore-Byrne in this court and at the administrative level in her pursuit of Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. The Honorable Paul D. Borman remanded the matter to the Social Security Administration ("SSA") pursuant to sentence six of 42 U.S.C. § 405(g), *see Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 11472796 (E.D. Mich. June 13, 2016), *adopted* 2016 WL 5219541 (E.D. Mich. Sept. 22, 2016), where Administrative Law Judge Melissa Warner issued a fully favorable decision finding Ms. Bellmore-Byrne disabled under the Social Security Act since July 2, 2014 (Def.'s Mot. Ex. 1, ECF No. 9-1.) The matter is now before the Court on Plaintiff's Complaint, seeking to recoup his attorney fees presumably from SSA (Compl., ECF No. 1), and

Defendant's motion to dismiss Plaintiff's Complaint (Def.'s Mot., ECF No. 9.) Defendant's motion has been fully briefed (ECF No. 11, 12) and the Court is dispensing with oral argument with respect to the motion because it finds the facts and legal arguments sufficiently set forth in the parties' submissions, *see* E.D. Mich. LR 7.1(f).

**Background**

On June 8, 2017, ALJ Warner issued her decision finding Plaintiff disabled and entitled to social security benefits. (Decision, ECF No. 9-1.) Ms. Bellmore-Byrne passed away before the ALJ issued her decision. (*Id.* at 5, Pg ID 62.)

On May 26, 2018, SSA sent a letter to Virginia Bellmore, a substitute party, regarding the benefits due to Ms. Bellmore-Byrne and her children. (Def.'s Mot. Ex. 2, ECF No. 9-2.) The letter stated that Ms. Bellmore-Byrne's past-due benefits were $8,691.00 and that SSA usually withholds 25% of those benefits to pay the approved representative fee. (*Id.* at 2, Pg ID 66.) The letter further provided that SSA "withheld $2,172.75 from [Ms. Bellmore-Byrne's] past-benefits in case [SSA] need[ed] to pay her representative." (*Id.*) The letter also explained that benefits for Ms. Bellmore-Byrne's children had been increased based on their father's record due to the entitlement of their mother, and the combined benefit was $22,032.00, "[t]he 25% amount that should have been withheld is $7,680.75," and "[t]he total past-due amount for fee pay purposes is $30,723.00." (*Id.*)

2

On June 15, 2018, ALJ Warner issued an "Authorization to Charge and Collect Fee," authorizing Plaintiff to charge and collect a fee in the amount of $9,853.50 "for services provided to the claimant and auxiliaries, if any, for proceedings before the Social Security Administration." (*Id*. Ex. 3 at 1, ECF No. 9-3 at Pg ID 70.)

On May 5, 2019, SSA sent another letter to Virginia Bellmore, indicating that SSA approved a fee of $2,172.75 to pay her representative for work on Ms. Bellmore-Byrne's social security claim. (*Id*. Ex. 4, ECF No. 9-4.) The letter provided: "Since we have approved the fee, we are sending your representative this money," and "[t]his means we have paid your representative in full for the work done on your claim." (*Id*. at 1, Pg ID 74.) SSA sent a copy of this letter to Plaintiff. (*Id*.) Because this amount was less than the fee awarded by the ALJ, Plaintiff initiated this action on March 11, 2020. (Compl., ECF No. 1.)

In his Complaint, Plaintiff alleges that Defendant reduced the attorney fee awarded by the ALJ to $2,172.75, thereby violating his Fifth Amendment due process rights and the Administrative Procedure Act. (*Id.* ¶¶ 10, 15, 17, Pg ID 3, 4) For relief, Plaintiff requests: (a) a judgment reversing the "decision" of SSA and awarding him the attorney fee awarded by the ALJ; (b) an order prohibiting Defendant "from attempting to collect the attorney fee awarded by the ALJ as an overpayment for the underlying claimants"; and (c) "such other relief as this Court

3

may deem just and proper, including attorney fees and costs." (*Id.* at 5, Pg ID 5.) Although not clearly set forth in Plaintiff's Complaint, it appears that he is seeking to hold Defendant liable for the portion of the ALJ's fee award that should have, but was not, withheld from the auxiliaries' benefits. (*See* Pl.'s Resp. at 5, ECF No. 11 at Pg ID 87.)

On April 22, 2020, SSA sent a notice to Virginia Bellmore, stating that the notice replaced the May 5, 2019 notice regarding Plaintiff's attorney fee. (Def.'s Mot. Ex. 5 at 1, ECF No. 9-5 at Pg ID 78.) SSA wrote: "We approved a fee of $9,853.50 to pay your representative for work on your Social Security claim," and "[w]e explained this fee, and your right to question it, in an earlier letter." (*Id.*) Under the heading, "What We Will Pay Your Representative," SSA explained that it withheld $2,172.75 from the benefits awarded, which SSA sent to the representative. (*Id.*) SSA further explained that "this does not cover the entire fee" and "[y]ou and your representative will need to decide how to settle the additional $7,680.75 you owe." (*Id.*) SSA sent a copy of the notice to Plaintiff. (*Id.*)

## Applicable Standards

Defendant moves for dismissal pursuant to Rule 12(b)(1) or (6) of the Federal Rules of Civil Procedure.

First, Defendant contends that sovereign immunity bars Plaintiff's request to have the Commissioner pay Plaintiff the fees awarded by the ALJ. A motion to dismiss based on sovereign immunity is decided under Rule 12(b)(1) because "[s]overeign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

A facial attack challenges the sufficiency of the pleading itself. In that instance, the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *Id.* Defendant raises such an attack.

When a factual attack, also known as a "speaking motion," raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve

jurisdictional facts." *Id*. "[W]hen a defendant produces evidence challenging the factual existence of [subject matter jurisdiction], a plaintiff must generally prove [subject matter jurisdiction] with evidence, even at the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cnty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (citing *Taylor v. KeyCorp.*, 680 F.3d 609, 613 (6th Cir. 2012); *Superior MRI Servs., Inc. v. All Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## Analysis

The Social Security Act governs attorney fees in social security cases with respect to proceedings before the administration and court actions seeking review

6

of the Commissioner's decision. *See* 42 U.S.C. § 406. For representation at the administrative level, the statute provides, in relevant part:

> [W]henever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(a)(1). Moreover, when a claimant is found to be entitled to past-due benefits, and a fee arrangement with the claimant's representative satisfies certain statutory criteria, the Social Security Act requires the Commissioner to "approve that agreement at the time of the favorable determination," *id.* § 406(a)(2)(A), and "certify … payment out of such past-due benefits … to such attorney," *id.* § 406(a)(4).

The parties here agree that the ALJ awarded Plaintiff a fee of $9,853.50. (*See* Def.'s Br. in Supp. of Mot. at 16-17, ECF No. 9 at Pg ID 44-45.) As Defendant explains, SSA's May 5, 2019 letter did not reduce Plaintiff's fee but addressed only the fees attributable to Ms. Bellmore-Byrne's claim. In other words, the letter did not address Plaintiff's fees attributable to the children's benefits. To the extent the letter was ambiguous or incorrect, SSA's April 2020 letter clearly stated that Plaintiff was awarded the fee set forth in the ALJ's decision. Accordingly, there is no live case or controversy requiring the Court to

7

declare that Plaintiff is entitled to the attorney fees awarded by the ALJ. *See Ky. Right to Life v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997) (explaining that Article III of the Constitution "confines the power of the federal courts to adjudication of 'cases' or 'controversies,'" thus, the "mootness doctrine ... demands a live case-or-controversy when a federal court decides a case.").

The only controversy appears to be whether Defendant can be ordered to pay the fees due Plaintiff. (*See* Pl.'s Resp. Br. at 5, ECF No. 11 at Pg ID 87 (stating that "Plaintiff … filed this lawsuit to seek payment of the amount due from the auxiliaries' benefits."). The Sixth Circuit has held that "the Commissioner cannot be compelled to pay § 406(b) attorney's fees for court representation after the claimant's past-due benefits have been disbursed." *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 458 (6th Cir. 2016). While *Booth* involved a claim for attorney's fees under 42 U.S.C. § 406(b) (i.e., attorney fees for court representation), the Sixth Circuit declared its holding to be "in line with other courts" that have addressed claims for fees awarded for services at the administrative level. *Id.* (citing *In re Handel*, 570 F.3d 140, 144 (3d Cir. 2009); *Pittman v. Sullivan*, 911 F.2d 42, 46 (9th Cir. 1990)); *see also Binder & Binder, PC v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (holding that the attorney's lawsuits against the Commissioner seeking the amount of the fees awarded under § 406(a) were barred).

As the *Booth* court explained: "[T]he Commissioner is immune from claims for payment of attorney's fees out of the Administration's own funds absent a waiver of sovereign immunity, and the Commissioner has not waived immunity." *Id.* (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) ("Except to the extent it has waived its immunity, the Government is immune from claims for attorney's fees."); *Russell v. Sullivan*, 887 F.2d 170, 172 (8th Cir. 1989) ("§ 406 cannot be construed as a waiver of immunity")). "The Social Security Act 'oversees and regulates the private obligation of the claimant to her counsel, but does not create a federal promise to pay counsel independently of the private obligation.'" *Id.* (quoting *In re Handel*, 570 F.3d at 144). As such, "the district court has 'no authority' to order the Commissioner to pay 'the balance remaining on an attorney's fee award out of general social security funds." *Id.* (quoting *Pittman*, 911 F.2d at 46).

"The fact remains that the Social Security Act fees, whether for services before the SSA or the court, are the plaintiff's debt and not the government's." *Binder & Binder*, 818 F.3d at 71. Thus, "[t]he failure of the SSA to deduct the fees that [a claimant] owes its lawyer may be a wrong on the part of the SSA.[1] But the existence of a wrong—even a statutory wrong—by the government, does not,

---

[1] As indicated, § 406(a) *requires* the Social Security Administration to withhold attorney fees from the past-due benefits owed. 42 U.S.C. § 406(a)(4).

without more, waive sovereign immunity." *Id.* "'If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees … the attorney must look to the claimant.'"[2] *Booth*, 645 F. App'x at 458 (quoting *Wrenn ex rel. Wrenn*, 525 F.3d at 933-34).

Finally, Plaintiff fails to state a claim upon which relief may be granted for violations of his Fifth Amendment rights or the APA. First, Defendant did not modify the ALJ's fee award. Second, "'[t]he prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants.'" *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 793-96 (2002)). 42 U.S.C. § 405(h) establishes a jurisdictional bar, making 42 U.S.C. § 405(g) the exclusive mechanism for seeking judicial review of any decision of the Commissioner or any claim arising under the Social Security Act, unless "application of § 405(h) … would mean no review at all."[3] *BP Care, Inc. v.*

---

[2] SSA provides a mechanism to assist attorneys in recovering fees owed by claimants. *See Booth*, 645 F. App'x at 459. "When the Administration prematurely releases withheld funds without paying a fee award due to the claimant's attorney, the attorney can request the Administration to bring overpayment proceedings to recover the funds from the claimant on the attorney's behalf." *Id.* (citing 42 U.S.C. § 404; 20 C.F.R. § 404.501; POMS GN 03920.055). Plaintiff apparently does not want to use this route to recoup his fees. (*See* Compl. at 4, ECF No. 1 at Pg ID 4 (praying that "[D]efendant be prohibited from attempting to collect the attorney fee awarded by the ALJ as an overpayment for the underlying claimants").)

[3] Section 405(h) provides:

*Thompson*, 398 F.3d 503, 509 (6th Cir. 2005) (concluding that the district court lacked subject-matter jurisdiction over the plaintiff's claims alleging that agency policy violated *inter alia* company's due process rights and constituted arbitrary and capricious action under the APA, and that 42 U.S.C. § 405 provided the exclusive method for seeking review); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 12 (2000).

For these reasons, the Court concludes that Plaintiff's Complaint is subject to dismissal.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 24, 2021

---

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).